**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

|  |  |  |
|---|---|---|
| Michael Ray Weeks, | ) | |
| Petitioner, | ) ) | CV-14-2283-TUC-DCB |
| v. | ) ) | |
| Charles L. Ryan, et al., | ) ) | **ORDER** |
| Respondents. | ) ) ) | |

This matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b) and the local rules of practice of this Court (Doc. 2) for a Report and Recommendation (R&R) on the Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 20), which recommends that the Amended Petition be denied and dismissed. Petitioner filed Objections to the Report and Recommendation (Doc. 24)and a Court-Ordered Response to Objections (Doc. 34) was filed. The Court now rules.

**STANDARD OF REVIEW**

When objection is made to the findings and recommendation of a magistrate judge, the district court must conduct a de novo review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

*//*

*//*

**OBJECTIONS**

**–Factual/Procedural Background**

Petitioner first objected to the "Factual and Procedural Background" contained in the R&R. (Doc. 24 at 2.) Petitioner contends that the facts found by the Arizona Court of Appeals are not entitled to a presumption of correctness pursuant to 28 U.S.C. § 2254(e)(1) because that court viewed the evidence in the light most favorable to sustaining the jury's verdicts. (Obj. at 2–3.) But the Ninth Circuit has held that an "initial statement of facts [that] is drawn from the state appellate court's decision … is afforded a presumption of correctness that may be rebutted only by clear and convincing evidence." *Moses v. Payne*, 555 F.3d 742, 746 n.1 (9th Cir. 2009). Petitioner does not assert that any of the facts stated by the Magistrate Judge are incorrect or specifically rebut any facts. (Obj. at 2 (stating that the facts presented in the R&R "merely recount [Petitioner's] charges, trial(s), and convictions").) In *Nasby v. McDaniel*, 853 F.3d 1049, 1052 (9th Cir. 2017), the court applied the rule "[i]n *Jones v. Wood*, [114 F.3d 1002 (9th Cir. 1997),] … that a habeas court must either obtain and review the relevant portions of the record on which the state court based its judgment, or conduct an evidentiary hearing of its own." In sum, the Magistrate Judge properly adopted the state court's statement of the facts describing Petitioner's crimes. The Magistrate Judge here had the relevant trial and post-conviction transcripts and record, and she stated that she conducted an "independent review of the record" before recommending that the petition be dismissed. (R&R at 1.) In sum, this Objection is overruled.

//
//

**-Claims 1 & 2: Procedural Default**

Petitioner objects to the R&R's conclusions and recommendations on Claims 1 and 2 based on exhaustion and procedural default. The Magistrate Judge found that Petitioner failed to exhaust Claims 1 and 2, which alleged that Petitioner was not competent to stand trial and that the trial court erred by failing to *sua sponte* order a competency evaluation. (R&R at 6–8.) As the Magistrate Judge explained, although the post-conviction court rejected the claims on their merits, the Arizona Court of Appeals found the claims precluded under Arizona Rule of Criminal Procedure 32.2(a)(3) because they could have been raised on direct appeal. (*Id*. at 6.) The Magistrate Judge, therefore, found the claims unexhausted and defaulted because the court of appeals "was the last state court to render a judgment on these claims and found them procedurally defaulted." (*Id*. at 7.) *See Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Petitioner agrees that he failed to present these claims on direct appeal as Arizona law requires, but claims exhaustion occurred by presenting them to the Arizona Court of Appeals on review from the denial of post-conviction relief, despite the fact that the appellate court found the claims precluded under Rule 32.2(a)(3). (Obj. at 4.) ("There is no dispute that [Petitioner] brought the claims to the Arizona Court of Appeals, the only dispute seems to be whether he was required to do so on direct appeal or be forever barred from relief [and] review by this Court."). Petitioner's objection to the Magistrate Judge's conclusion that he brought these claims "in an 'improper forum' or … in an 'improper vehicle'" is rejected. (Obj. at 4.) Petitioner's failure to raise Claims 1 and 2 on direct appeal resulted in their preclusion in post-conviction proceedings; he is therefore left with no remedy in state

3

court. *See* Ariz. R. Crim. P. 32.2(a)(3). Thus, the Magistrate Judge had no choice but to find the claims defaulted by Petitioner's failure to properly present them in state court. The Magistrate Judge properly relied on *LaFlamme v. Hubbard*, 225 F.3d 663 (9th Cir. 2000), to support her conclusion that a competency claim may be procedurally defaulted.[1] (Obj. at 9.) Petitioner's ongoing objections based on waiver are misplaced. Here, the Magistrate Judge properly found that Petitioner's claims were procedurally defaulted because he failed to properly present them in the state courts. Contrary to Petitioner's arguments, the state procedural bar, Rule 32.2(a)(3), is adequate to bar review of this claim. *Murray v. Schriro*, 745 F.3d 984, 1016 (9th Cir. 2014) ("Arizona Rule of Criminal Procedure 32.2(a)(3) has been firmly established and consistently followed."). Petitioner confuses the application of a procedural bar with waiver. Hence, this Objection is overruled.

**-Claim 5, Confrontation Clause**

Petitioner objects to the R&R's finding that Claim 5 was not exhausted. Petitioner asserted in Claim 5 that the trial court's admission of his out-of-court statements, in which he denied assaulting the victim, violated his Sixth Amendment Confrontation Clause rights. (Amended Petition, Claim 5: "The trial court admitted hearsay testimony over Petitioner's objections in violation of the Sixth Amendment Confrontation Clause." (Doc. 2 at 60.)).

---

[1] Federal circuit courts have disagreed over whether a substantive mental competency claim can be procedurally defaulted at all. § 9B:48, Mental Competency Claims, *Federal Habeas Manual* (May 2017). The majority of circuits, however, have concluded that substantive mental competency claims can be defaulted. *Id.*

The Magistrate' R&R states, as follows:

> Thus, with respect to the Sixth Amendment Confrontation Clause claim asserted in Ground Five of Weeks's habeas petition, the Arizona Court of Appeals finding of waiver and abandonment in violation of Arizona Rule of Criminal Procedure 31.13(c)(1)(vi) is independent and adequate, and the claim is not subject to review. *See Coleman v. Thompson*, 501 U.S. 722, 728, (1991) (federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment.").

(Doc. 20 at 10-11.)The Magistrate Judge found the Sixth Amendment claim precluded. The Magistrate Judge properly found Petitioner's Sixth Amendment claim procedurally defaulted based on the state court's finding that the claim was waived under state law. Objections going to the Sixth Amendment are overruled as the claim is precluded.

**-Claim 5, Fourteenth Amendment Due Process of Law**

The trial court admitted testimony from a police officer regarding Petitioner's out-of-court statements denying that he had assaulted his girlfriend. (Amended Petition at 60-66.) The objection during trial was solely based on hearsay (not the Confrontation Clause or Fourteenth Amendment)[2]. The Arizona Court of Appeals reviewed Petitioner's Fourteenth Amendment claim for fundamental, prejudicial error because he failed to preserve the claim by raising it in the trial court. (Obj. at 32.)Petitioner properly exhausted this claim (as to fundamental error only) by presenting it to the Arizona Court of Appeals.

Respondents stipulated that Petitioner's Fourteenth Amendment claim, as to fundamental error only, was not procedurally defaulted. Respondents argue that the claim may be denied as lacking merit. Respondents argue

---

[2]Here, it was Petitioner's own statements that were admitted.

5

that there is no problem with the admission of a statement by a party-opponent as non-hearsay. *United States v. Matlock*, 415 U.S. 164, 172 (1974). Although Petitioner's argument is not entirely clear, he appears to assert that because he could not have elicited his own out-of-court statements from witnesses, Rule 801(d)(2) was unfairly applied here. Rule 801(d)(2)(A) provides that a statement is not hearsay if it is offered against a party and is his own statement, made in his individual capacity. Petitioner's statements to the police satisfy the facial requirements of the rule. The cases disagree that statements are not admissions because they are neither exculpatory or inculpatory. For a Petitioner's statement to be an admission, "it is not necessary to show that the statement was against the interest of the party at the time it was made." M. Udall, J. Livermore, P. Escher, & G. McIlvain, *Arizona Practice: Law of Evidence* § 125, at 255 (3d ed. 1991). Rather, "[t]he only limitation, in short, to the use of an opposing party's words is the rule of relevance." *Id.* at 257. A criminal suspect's statements about his activities on the day of an alleged crime are relevant. The only remaining limitation on the admissibility of Petitioner's statements was the possibility that the probative value of the statements was substantially outweighed by the danger of unfair prejudice. Fed.R.Evid. 403. The statement was allowed in by the trial court, with no objection based on the Fourteenth Amendment. The Arizona Court of Appeals would then have only reviewed this claim for fundamental, prejudicial error. Petitioner does not dispute that he failed to argue on appeal that any error in the admission of his out of court statements resulted in fundamental, prejudicial error, rendering this claim waived. Here, this claim lacks merit.

**-Claim 3: Ineffective Assistance of Counsel**

Here, the Magistrate Judge properly found that *Strickland v. Washington* was not unreasonably applied. (R&R at 17.) This vague, unspecific Objection is overruled.

**-Claim 4: Double Jeopardy**

Here, the Magistrate Judge properly concluded that the state court decision was not contrary to, nor an unreasonable application of, clearly established federal law. *United States v. Lopez-Avila*, 678 F.3d 955, 962 (9th Cir. 2012) (R&R at 23.) This Objection is overruled.

**-Claim 6: Right to Remain Silent**

The Magistrate Judge properly concluded that *Harrison v. United States*, 392 U.S. 219 (1968), does not offer Petitioner relief on this claim. (Obj. at 45; R&R at 25.) Clearly established law provides that only the introduction of wrongfully obtained evidence can result in a finding that the Petitioner's subsequent testimony was compelled in violation of the Fifth Amendment. *See United States v. Mortensen*, 860 F.2d 948, 951 (9th Cir. 1988). Because Petitioner did not assert that his earlier out-of-court statements were illegally obtained, the Magistrate Judge properly denied relief. Further, Petitioner's out-of-court statements were not improperly admitted. Petitioner agrees that "[t]he resolution of this Claim rests on the determination that the evidence discussed in Claim 5 was wrongly admitted, thereby compelling [him] to testify." (Obj. at 46.) The state court found the statements were properly admitted under state law and that Petitioner defaulted his claim that the admission of his statements violated the Confrontation Clause. Therefore, the Magistrate Judge properly rejected Petitioner's claim that

he was compelled to testify by the admission of his earlier out of court statements. Objection overruled.

**-Claim 7: Right to a jury trial**

The Magistrate properly found that this claim lacks merit. Under the current applicable law, a jury is not required to find the absence of mitigating factors. The state's determination was not contrary to any clearly established federal law. Consequently, this objection is overruled.

**-Claim 8: Sufficiency of the Evidence**

In considering a claim of insufficiency of the evidence, a court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979) (internal citation omitted). While Petitioner asserts that the victim's account lacked credibility and that "[s]he had a powerful motive to perjure herself" (Obj. at 50), the jury concluded otherwise after considering "the testimony of Weeks, that of his victim, and the physical evidence that corroborated her story." (R&R at 31.) The Magistrate Judge properly found that the Arizona Court of Appeals' conclusion that Petitioner's convictions are supported by sufficient evidence is not an unreasonable application of *Jackson*. (*Id.*) This claim is likewise overruled.

**-Claim 9: Aggravating factor**

Because the jury's unanimous verdict finding the aggravating circumstance of "physical, emotional, or financial harm" to the victim,

A.R.S. §13-701(D)(9)(current), is supported by evidence in the record establishing each type of harm, the Magistrate Judge properly held that the Arizona Court of Appeals' resolution of this claim was a "reasonable application of federal law." (R&R at 35.) The Magistrate Judge further held that any claimed constitutional error in the state court's resolution of this claim was harmless under *Brecht v. Abrahamson*, 507 U.S. 619 (1993). This Objection is overruled.

**CONCLUSION**

Accordingly, after conducting a de novo review of the record,

**IT IS ORDERED** that the Court **ADOPTS** the Report and Recommendation (Doc. 20) in its entirety. The Objections (Doc. 24) raised by the Petitioner are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Amended Petition for Writ of Habeas Corpus (Doc. 2) is **DENIED** and this action is **DISMISSED** with prejudice. The Clerk's Office should enter a Final Judgment separately.

**IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** on all claims but for Claims 1 and 2 as these claims involve whether a substantive mental competency claim can ever be procedurally defaulted, because reasonable jurists could find the ruling debatable.

DATED this 16th day of October, 2017.

David C. Bury
United States District Judge